# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CR-0172-CVE |
| ) | |
| BRIAN LEE LARKINS, ) | |
| a/k/a Brian Larkins, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is the government's oral motion for a continuance of the jury trial set for October 21, 2013. Defendant Brian Lee Larkins is charged with possession of unregistered silencers (count one); receipt and transportation of a firearm while under indictment (count two); possession of an explosive while under indictment (count three); and possession of methamphetamine with intent to distribute (count four). Dkt. # 31. These charges are in a superseding indictment that was returned by the grand jury on October 9, 2013. Id. Defendant appeared at the pretrial conference on October 17, 2013, where counsel for the government orally requested a continuance of the jury trial set for October 21, 2013. Defendant joined in the motion, orally agreed to waive his right to a speedy trial for the period of time between the October 2013 and December 2013 jury trial dockets, and executed a written speedy trial waiver (Dkt. # 34).

The government's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for

granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defense counsel states that he has just received new discovery from the government and requires time to review it. He also states that a superseding indictment has recently been returned, requiring additional time for preparation. The Court has considered the government's oral motion for a continuance and finds that the government's request is reasonable. Defense counsel has just received new discovery and a superseding indictment has recently been returned. Considering all of these factors and the severity of the charges against defendant, the Court finds that the trial of this

matter should be continued to the December 2013 jury trial docket. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the government's oral motion to continue is **granted**. The jury trial set for October 21, 2013 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| PT/CP/Motions Hearing: | **December 4, 2013 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | December 9, 2013 |
| Jury Trial: | **December 16, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between October 21, 2013, and December 16, 2013, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 17th day of October, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE